# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOSEPH ALEXANDER,**<br><br>*Plaintiff*,<br><br>v.<br><br>**DISTRICT OF COLUMBIA,**<br><br>*Defendant*. | Civil Action No. 17-1885 (ABJ) |

## AMENDED PRELIMINARY APPROVAL ORDER

1.  Named plaintiff and Class Representative Joseph Alexander and defendant District of Columbia entered into a Settlement Agreement and Release on December 9, 2022 ("Settlement" or "Settlement Agreement") [Dkt # 62-2], which, together with the exhibits attached thereto and the exhibits attached to the Parties' Joint Motion for Modification of Notice and Preliminary Approval Order, sets forth the terms and conditions for a proposed global resolution of this litigation and for its dismissal with prejudice.

2.  The parties have moved the Court for an order preliminarily approving the Settlement under Federal Rule of Civil Procedure 23, certifying a Class for purposes of settlement, and approving notice to the Class as described below. The Court is familiar with and has reviewed the record, the Settlement Agreement and its exhibits, the Memorandum in Support of the Joint Motion for an Order Granting Preliminary Approval of Class Action Settlement, and the supporting affidavit, and it finds that there is good cause to enter this Order.[1]

---

[1] Unless otherwise specified, all capitalized terms used herein have the same meanings ascribed to them in the Settlement Agreement.

## Schedule of Settlement-Related Events

3. Based on the findings in this Order and the proposal by the parties, the Court enters the following schedule:

| Event | Date |
|---|---|
| Defendant shall provide the Settlement Agreement Database to Class Counsel and Class Administrator | February 27, 2023 |
| Defendant shall wire $25,000.00 to the Class Administrator | March 13, 2023 |
| Class Administrator to establish website and mail Notice and Claim and Release Forms | March 27, 2023 |
| Plaintiff must file his motion for final approval of the Settlement and any motions for attorneys' fees and expenses and for incentive awards for the Named Plaintiff. The motion must include updated information specifying the number of class members. | April 11, 2023 |
| Deadline for Class Members to submit any objections to the proposed Settlement in accordance with this order | June 14, 2023 |
| Deadline for Class Members to opt out of the Class | April 26, 2023 |
| Deadline for any opposition or response to objections, including objections to award of attorneys' fees and costs | June 29, 2023 |
| Final Approval and Fairness Hearing | July 14, 2023, at 2:00 p.m. |
| Final date for submission of claims | July 25, 2023 |

## Settlement Class Certification

4. The Court finds, upon preliminary evaluation and for purposes of the Settlement only, that it will likely be able to certify the following Class pursuant to Federal Rule of Civil Procedure 23:

Individuals who (i) were arrested solely for incommoding under D.C. Code § 22-1307; (ii) on or after September 18, 2014; and (iii) either were released without charges being filed or had any charges dismissed *nolle prosequi*.

5. The Court preliminarily finds, for purposes of the Settlement only, that the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) are likely to be satisfied for the Class. In support of this conclusion, the Court provisionally finds as follows:

a. The number of Class Members is so numerous that joinder of all members is impracticable. The parties have agreed to this preliminary finding and according to the complaint in this case, the number of persons who were arrested, prosecuted, or who "posted and forfeited" for incommoding each year through 2016 is at least 50.

b. Questions of law and fact common to the Class predominate over individualized questions. The common questions include (i) whether the District's alleged false arrests violate the Fourth Amendment, and (ii) whether the District's enforcement of the incommoding statute violated the Equal Protection Clause of the Fifth Amendment.

c. The Class Representative's claims are typical of the claims of the Class. Each of the claims arises from the enforcement of D.C. Code § 22-1307 and asserts the same theories of liability.

d. The proposed Class Representative, Joseph Alexander, will fairly and adequately represent the rights and interests of the Class. Accordingly, the Court hereby appoints him to serve as Class Representative. Additionally, the Court hereby appoints William Claiborne as Class Counsel. Mr. Claiborne has significant experiencing litigating federal civil rights class actions against the federal government and has committed the necessary resources to represent the Class.

The Court accordingly appoints Mr. Claiborne as Class Counsel under Federal Rule of Civil Procedure 23(g).

### Preliminary Approval of the Settlement

6. The Settlement is the product of non-collusive arm's-length negotiations, including mediation, among experienced counsel who were thoroughly informed of the strengths and weaknesses of the Action, including through informal discovery, motion practice, and a contested appeal. The Settlement confers substantial benefits upon the Class and avoids the costs, uncertainty, delays, and other risks associated with continued litigation, trial, and/or appeal. The Settlement falls within the range of possible recovery for the Class, compares favorably with the potential recovery as balanced against the risks of continued litigation, does not grant preferential treatment to Named Plaintiff or his counsel, and has no obvious deficiencies.

7. The Court hereby preliminarily approves the Settlement, as memorialized in the Settlement Agreement and its Exhibits, as fair, reasonable, and adequate, and in the best interest of Named Plaintiff and Class Members, subject to further consideration at the Fairness Hearing to be conducted as described below.

8. All funds should be deposited and released in accordance with the timing and schedule detailed in the Settlement Agreement.

### Manner and Form of Notice

9. The Court approves, as to form and content, the Notice and the Claim Form, attached to the Joint Motion for Modification of Notice and Preliminary Approval Order, and it finds that the Notice Plan set forth in the Settlement Agreement as Attachment 1 [Dkt. # 62-2] and as modified in the Joint Motion for Modification of Notice and Preliminary Approval Order meets the requirements of Federal Rule of Civil Procedure 23, due process, and all other applicable law and rules; constitutes the best notice practicable under the circumstances; and will provide due

and sufficient notice to all individuals entitled thereto.  The Notice Plan provides for direct notice via First Class mail to all Class Members and reasonable efforts to determine the current address of Class Members who fail to respond to initial notice or whose initial notice by First Class mail is returned to sender by the United States Postal Service.  The plan also provides for a Settlement Website containing information regarding the Settlement and links to the Notice and other relevant case documents.  This plan and the Notice are reasonably calculated under the circumstances to apprise Class Members of the pendency and nature of the Action, the definition of the class certified, the effect of the proposed Settlement, and the Class Members' rights to participate in, opt out of, or object to any aspect of the proposed Settlement. The date and time of the Fairness Hearing shall be included in the Notice before its dissemination and posting. The Claims Administrator is authorized to make non-substantive formatting changes to the Notice and Claim Form that do not substantially change the content therein.

10. The Court hereby appoints JND Legal Administration (JND) to serve as the Claims Administrator, as defined in the Settlement Agreement, to supervise and administer the notice procedures, establish and operate a settlement website (the "Website") and a toll-free number, administer the claims processes, distribute cash payments according to the processes and criteria set forth in the Settlement Agreement, and perform any other duties of the Claims Administrator that are reasonably necessary and/or provided for in the Settlement Agreement.

11. Implementation costs incurred in identifying and notifying Class Members, and in administering the Settlement Fund, shall be paid as set forth in the Settlement Agreement. Defendant will take the measures required, including paying the $25,000 set forth in the Settlement Agreement at II(A)(4) and II(B)(2) and as modified by the Joint Motion to Modify the Notice and Preliminary Approval Order, to ensure that an amount sufficient to fund the Notice campaign, is disbursed to the Claims Administrator by **March 13, 2023.**

12. As soon as practicable, and no later than **March 27, 2023**, the Claims Administrator must establish the Website and post the Notice and Claim Form thereon.

13. No later than **March 27, 2023**, the Claims Administrator shall (i) mail the Notice, substantially in the form annexed to the Settlement Agreement, in accordance with the Settlement Notice Plan and (ii) cause publication of the Notice to occur, as detailed in the Joint Motion for Preliminary Approval of Class Action Settlement, and the Notice campaign will continue for several weeks thereafter.

14. Class Members who wish to make a claim to recover out of the Settlement Fund must complete and submit a Claim Form no later than **July 25, 2023,** in accordance with the instructions contained on the Claim Form. The Claims Administrator shall determine the eligibility of claims and, upon the Effective Date, distribute the Settlement Fund in accordance with the Settlement Agreement.

15. The dates established herein may be extended by Order of the Court, for good cause shown.

**The Fairness Hearing**

16. The Court will hold a Fairness Hearing on **July 14, 2023, at 2:00 p.m.**, in Courtroom 3 of the United States District Court for the District of Columbia, 333 Constitution Ave., N.W., Washington, D.C. 20001, for the following purposes: (i) to make the final determination as to whether the Class satisfies the applicable requirements for certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3); (ii) to determine whether the Settlement should be approved as fair, reasonable, and adequate; and (iii) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

17. The Court intends to consider the petition for an award of attorneys' fees, expenses, and costs and for incentive awards at the Fairness Hearing, but it may determine at or in advance

of the hearing that the application is to be considered separately from the fairness, reasonableness, and adequacy of the remainder of the Settlement. If it does so, any appeal from an order relating solely to the petition for an award of attorneys' fees, costs, and expenses, and/or for incentive awards, or any reversal or modification of any such order, shall not operate to terminate or cancel the Settlement or to affect or delay the judgment finally approving the Settlement.

18.     Motions in support of final approval of the Settlement and of the petition for attorneys' fees, expenses, and costs and for incentive awards must be filed no later than **April 11, 2023**. Any oppositions must be filed no later than **June 29, 2023** in compliance with the next section of this Order.

### Objections and Appearances at the Fairness Hearing

19.     Any member of the Class may appear at the Fairness Hearing and show cause why the proposed Settlement should or should not be approved as fair, reasonable, and adequate, or why judgment should or should not be entered, or to present opposition to the petition for attorneys' fees, costs, and expenses, or to the application for incentive awards. No person will be entitled to contest the approval of the Settlement, the entry of a final judgment dismissing the action and releasing Class Member claims, or the petition for an award of attorneys' fees, costs, and expenses and for incentive awards, unless they have submitted an objection by **June 14, 2023** (the "Objection Deadline"). Any objections must be submitted to the Claims Administrator, class counsel, and defense counsel, in writing, by mail, and postmarked by the Objection Deadline, or they will not be considered. The parties must submit all objections to the Court by **June 29, 2023**. Any Class Member who does not make their objection in the time and manner provided for herein shall be deemed to have waived any objection and shall forever be barred from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, or to the petition for attorneys' fees, costs, and expenses and for incentive awards. By objecting, or otherwise

7

requesting to be heard at the Fairness Hearing, a person shall be deemed to have submitted to the jurisdiction of the Court with respect to the objection or request to be heard and to the subject matter of the Settlement, including enforcement of its terms.

20. To be considered by the Court, an objection must include the name of the case and the case number; the objector's name, address, and telephone number; the signature of the Class Member, attorney, guardian or representative, and, in the case of a guardian or representative, proof of the person's status as such; a statement setting forth the specific reason(s), if any, for the objection; and a statement as to whether the objector intends to appear at the Fairness Hearing. In addition, for his or her objection to be valid, an objector also must provide a statement demonstrating that the objector is a Class Member. The Court may require that an objector provide additional evidence of class membership to establish standing to object.

21. Attendance at the Fairness Hearing is not necessary in order to have an objection be considered by the Court. However, anyone who is requesting to be heard orally at the hearing in opposition to approval of the Settlement or the petition for an award of attorneys' fees, costs, and expenses and for incentive awards must include that request in their written objection. Persons who intend to object to the Settlement or the application for attorneys' fees, costs, and expenses and for incentive awards, and who wish to present evidence at the Fairness Hearing, must include in their written objection(s) the identity of any witness(es) they may call to testify and copies of any exhibit(s) they intend to offer at the hearing. If an objector hires an attorney to represent them for the purposes of making an objection, the attorney must file a notice of appearance with the Court by the Objection Deadline. The Court will make the determination as to whether any individual objector will have the opportunity to speak or to present evidence in its discretion.

**Exclusion from the Class**

22. Any requests for exclusion from the Class are due no later than **April 26, 2023** (the

"Opt-Out Deadline"). Any person who would otherwise be a member of the Class who wishes to be excluded from the Class must notify the Claims Administrator in writing of that intent by first-class mail postmarked no later than the Opt-Out Deadline. The written notification of opt-out must include the name of the case and the case number, along with a statement that the person wishes to opt out of the Settlement. In addition, to be valid, the written notification of opt-out must include: (a) the person's full name and signature, (b) address, and (c) telephone number.

23. Any individuals who submit valid and timely notifications of exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the monetary relief provided by the Settlement, and shall not be bound by the Settlement Agreement or any Orders or final judgment of the Court.

24. The Claims Administrator will compile a list of valid opt-outs for submission to the Court. Any member of the Class who does not notify the Claims Administrator of their intent to opt out from the Class in the manner stated herein shall be deemed to have waived his or her right to opt out from the Class. If the Court approves the Settlement, any such person shall forever be barred from requesting exclusion from the Class in this or any other proceeding, and shall be bound by the Settlement and the judgment, including the Release of Claims provided for in the Settlement Agreement and the Final Approval Order and Judgment.

## Termination of the Settlement

25. If the Settlement fails to become effective in accordance with its terms, or if the Final Approval Order and Judgment is not entered or is reversed or vacated on appeal, this Order shall be null and void, the Settlement Agreement shall be deemed terminated, and the Parties shall return to their positions without any prejudice, as provided for in the Settlement Agreement.

## Limited Use of This Order

26. The fact and terms of this Order and the Settlement, all negotiations, discussions,

drafts and proceedings in connection with this Order and the Settlement, and any act performed or document signed in connection with this Order and the Settlement, shall not, in this or any other Court, administrative agency, arbitration forum, or other tribunal, constitute an admission, or evidence, or be deemed to create any inference (i) of any acts of wrongdoing or lack of wrongdoing, (ii) of any liability on the part of Defendants to Named Plaintiff, Class Representative, Class Members, or anyone else, (iii) of any deficiency of any claim or defense that has been or could have been asserted in this Action, (iv) of any damages or absence of damages suffered by Named Plaintiff, Class Representative, Class Members, or anyone else, (v) that the Court should certify a Class under Rule 23 for purposes other than the Settlement, or (vi) that the benefits obtained by the Class under the Settlement correspond to the relief that could or would have been obtained from Defendants in this Action if it were not settled at this time. The fact and terms of this Order and the Settlement, and all negotiations, discussions, drafts, and proceedings associated with this Order and the Settlement, including the judgment and the Release of Claims provided for in the Settlement Agreement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal, except as necessary to enforce this Order, the Final Approval Order and Judgment, any other Order of the Court, or the Settlement.

27. Pending further Order of the Court, all litigation activity and events, except those contemplated by this Order or in the Settlement Agreement, are hereby **STAYED**.

**SO ORDERED.**

*[signature: Amy B Jack]*

AMY BERMAN JACKSON  
United States District Judge

DATE:  February 23, 2023