## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| _____ | ) | |
| JOSEPH ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-1885 (ABJ) |
| | ) | |
| GOVERNMENT OF | ) | |
| THE DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## FINAL ORDER OF APPROVAL OF SETTLEMENT

In accordance with this Court's Preliminary Approval Order [Dkt. # 64], as amended [Dkt. # 71], and after Notice was provided to the class as specified in the Preliminary Approval Order, the Court held a Fairness Hearing on July 20, 2023.  After consideration of plaintiff's Consent Motion for Final Approval [Dkt. # 74], in the absence of any objection by Class Members to the proposed settlement, and for the reasons set forth on the record at the Fairness Hearing, the Court finds that there is good cause for the entry of this Final Order of Approval of Settlement and no just reasons for delay.  Therefore, the settlement will be approved, and it is hereby **ORDERED**:

1.        This Order (the "Final Approval Order") incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms shall have the same meanings set forth in the Settlement Agreement. The Settlement Agreement was approved by the Court's Preliminary Approval Order [Dkt. # 64], entered on December 23, 2022, and as amended in the Amended Preliminary Approval Order [Dkt. # 71], entered on February 23, 2023. As used herein references to the Court's Preliminary Approval Order mean the Court's Preliminary Approval

Order as amended.

2.     The terms of this Court's Preliminary Approval Order are incorporated by reference in this Order.

3.     The Court has jurisdiction over the subject matter of the Lawsuit, the Parties, and all members of the Class.

4.     Class Counsel adequately represented the Class for the purpose of entering into and implementing the Settlement Agreement. Class counsel has made reasonable efforts to consult with members of the class.

**Class Certified Under Federal Rules of Civil Procedure 23(b)(3)**

5.     This Court found, in its Preliminary Order of Approval and Amended Preliminary Approval Order, that for purposes of the settlement, all prerequisites for the maintenance of a class action under Fed. R. Civ. Proc. 23(a) and 23(b)(3) were satisfied, and that Class Members had the right to opt-out.  For the reasons set forth on the record at the Fairness Hearing, the Court hereby reaffirms its findings certifying the class.

**Settlement Agreement is Fair, Adequate, and Reasonable**

6.     The Court finds that the Settlement Agreement (including its exhibits and attachments) and the settlement contemplated thereby are the product of arm's length, good faith settlement negotiations between the Defendant and Class Counsel.

7.     For reasons set forth on the record at the Fairness Hearing, the Settlement Agreement [Dkt. # 62-2] and the settlement set forth therein are hereby approved and found to be fair, adequate, and reasonable, in the best interest of the Class as a whole, and in satisfaction of Rule 23 of the Federal Rules of Civil Procedure and due process requirements.

8.     The Court hereby finds and concludes that class notice was disseminated to

members of the Class in accordance with the terms set forth in the Settlement Agreement and in compliance with this Court's Preliminary Approval Order. The Court further finds and concludes that the notice fully satisfied Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, was the best notice practicable under the circumstances, and supports the Court's exercise of jurisdiction over the Class as contemplated by the Settlement Agreement and this Order.

9.       The Court hereby finally approves the Settlement Agreement and the settlement contemplated thereby. It finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs consummation of the settlement pursuant to the terms and conditions of the Settlement Agreement. The Court finds the financial terms of the settlement favorable to class members.

10.       The fairness and adequacy of the settlement is reflected in the Class's satisfaction with the settlement. There were approximately 157 identified potential Class Members who were mailed Notice and Claim Forms. About 34 Notices were returned as undeliverable. After re-researching addresses for returned mailings, and after additional research into addresses conducted by the District, at least 25 additional Notices were re-mailed.

11.       As of July 18, 2023, the Class Administrator had received and processed a total of 25 Claim Forms. The reaction rate is very favorable compared to other similar class actions especially given the challenges posed by identifying class members in the first instance and by the nature of the class such as the transient nature of the Class Members.  The reaction rate and claims rate will likely go up because the Claims Administrator is still mailing Notices and the claims period is not yet over so likely more claims will be received. The last day for class members to file a Claim Form is July 25, 2023 (postmarked). There was not a single objection and

no class member opted out. Thus, not a single class member expressed any type of dissatisfaction with any aspect of the Settlement. This is a highly favorable reaction by the class to the settlement. *See*, *e.g., Vista Healthplan, Inc. v. Warner Holdings Co. III, Ltd.*, 246 F.R.D. 349, 362 (D.D.C. 2007) (50 opt outs and one objection out of 41,561 notices sent; the few number of opt outs and "existence of even a relatively few objections certainly counsels in favor of approval"); *In re Lorazepam & Clorazepate Antitrust Litig.*, 205 F.R.D. 369, 398-99 (D.D.C. 2002) (13 objectors and 14 opt outs from class in which over 13,000 copies of the class notice were sent; "[t]he fact that such an overwhelming majority of class members elected to stay in the class evidences a favorable reaction by the class to the settlement" and objections were not well taken and relatively low in numbers). These indicia of the approval of the class of the terms of the settlement support a finding of fairness under Rule 23 under any measure.

**Notice**

12.     As required by the Court in its Preliminary Approval Order:

(a) Class and Settlement Notice were mailed to all potential class members or their representatives whose addresses could be obtained with reasonable diligence; and

(b) Class Settlement and Notice were published as provided for in the Settlement Agreement and Preliminary Approval Order.

13.     The Notice given to the class is hereby determined to be fully in compliance with both the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process. The Notice given is further found to be the best notice practicable under the circumstances and, therefore, constitutes due and sufficient notice to all parties. Class Counsel circulated copies of the Notice and Claim forms among the Superior Court Trial Lawyers Association.

14.     Due and adequate notice of the proceedings having been given to the Class and

4

a full opportunity having been offered to the Class to participate in the hearing, it is hereby determined that all Class Members are bound by this Final Order of Approval of Settlement.

**Class Counsel**

15.     The Court reaffirms appointment of William Claiborne as Class Counsel.

**Appointment of Class Administrator**

16.     Pursuant to the Preliminary Approval Order, JND Class Action Administration ("JND") was appointed to be the Class Administrator. The Court approves and affirms that appointment, finds that the Class Administrator was qualified, and has discharged its responsibilities as the Class Administrator. The Class Administrator, to the extent its duties are not yet completed, is authorized by this Order to complete those duties.

**General Provisions**

17.     Claim Forms not received or post-marked by July 25, 2023, shall not be paid, although such persons shall nonetheless be bound by this Order.

18.     All Class Members shall be bound by this Order.

19.     Except as provided by this Order, each party shall bear its own expenses and attorney's fees.

20.     At the conclusion of the Class Distribution and no later than August 30, 2023, the Class Administrator shall submit a report to the Court and the parties summarizing the payments made to the class, and seeking any final administrative costs to be approved.

**Final Approval of Settlement**

21.     The Court incorporates herein by reference and ratifies its prior order preliminarily approving the settlement [Dkt. # 71] ("Preliminary Approval Order").

22.     The Court finds that the parties satisfied the notice provisions set forth in

the Preliminary Approval Order.

23.     The settlement received a favorable reaction from the class. The reaction rate for the class is in line with this type of case. There were no objections or opt-outs.

24.     The Court finds that an award of fees as negotiated and set forth in the Settlement Agreement is fair and reasonable and awards such fees and expenses.

25.     The Court finally approves the Settlement Class Definitions as follows:

> Individuals who (i) were arrested solely for incommoding under D.C. Code § 22- 1307; (ii) on or after September 18, 2014; and (iii) either were released without charges being filed or had any charges dismissed *nolle prosequi*.

**Payments**

26.     The Court approves payments to be disbursed as follows, in the timing and manner set forth in the Settlement Agreement ($450,000 total), as amended, by this Final Approval Order:

- ▶ $5,000 to the Class Representative as an incentive award;

- ▶ $130,000 for Attorney's Fees and Costs;

- ▶ Up to $35,000.00 for Administrative Expenses; [1]

- ▶ $280,000.00 for   the Class Fund, for   payment of   Verified   Claims to Class Members.

27.     Any amounts remaining in the Class Settlement Fund 60 days after the Class Administrator has issued all payments to eligible claimants, including funds from any uncashed checks that are no longer negotiable, will revert to the District of Columbia General Fund.

---

[1]     The Class Administrator has advised that the actual administrative expenses are likely to total approximately $35,000, rather than the $25,000 initially contemplated in the Settlement Agreement, and it will provide an invoice with the total amount by August 30, 2023.  As provided in the Settlement Agreement,  the excess cost will be paid from the Class Fund and the Class  Fund  has accordingly been adjusted.

28.     The Court hereby dismisses this Lawsuit, with prejudice, and without fees or costs to any party except as otherwise expressly provided by the Settlement Agreement.

29.     This Order shall constitute a final order and have *res judicata* and collateral effect against all class members meeting the definition(s) above.

**Attorney's Fees and Expenses**

30.     Upon consideration of Plaintiff's Consent Motion for Final Approval of Class Action Settlement which included an unopposed Request for an Award of Attorney's Fees and Expenses in the amount of $130,000 [Dkt. # 74], the Settlement Agreement, and the record of this case, the attorney's fees and expenses sought by Plaintiff are reasonable.

31.     The awarded attorney's fees and expenses shall be allocated from the Settlement Amount that shall be remitted by the District of Columbia by wire to Class Counsel William Claiborne within 45 days of entry of this order to an account designated by Class Counsel.

32.     The Court orders that Class Counsel is awarded attorney's fees and expenses of $130,000.00 for the work performed for this case.

        **SO ORDERED.**


        AMY BERMAN JACKSON
        United States District Judge

DATE:  July 24, 2023